UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x
:
ALBERTO MUNIZ,                                  :
:
                           Plaintiff,           :    12 Civ. 719(TPG)
:
            – against –                         :    **OPINION**
:
CITY OF NEW YORK; Commissioner                  :
DORA B. SCHRIRO; Chief of Department            :
LARRY DAVIS, SR.; Deputy                        :
Commissioner CARMINE LABRUZZO;                  :
LINCOLN HANSON, Shield # 13102;                 :
Correction Officer MIGNOTT, Shield #            :
9791; Corrections Officer JOHN/JANE             :
DOES #1-8,                                      :
:
                           Defendants.          :
------------------------------------------------x



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/17/12

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 to recover money damages for alleged civil rights violations stemming from an incident in which plaintiff was beaten by corrections officers while seeking medication at the Anna M. Kross Center at Rikers Island. Plaintiff sues various corrections officers directly involved in the incident ("CO defendants"), including Lincoln Hanson and Mignott—whose first name is not noted in the amended complaint—as well certain supervisory officials and the city under Monell v. Department of Social Services, 436 U.S. 658 (1978). Per letters dated June 19, 2012, and June 29, 2012,

defendants request[1] to stay in this civil action in its entirety pending the outcome of an investigation by the New York City Department of Correction ("DOC").

The request is approved in part.

A court may exercise its discretion to stay a case when the interests of justice seem to require such an action. See Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986). When making this decision, the court should consider five factors:

> (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Volmar Distribs. v. New York Post Co., 152 F.R.D. 36, 39 (S.D.N.Y. 1993)

Here defendants argue that the action should be stayed for three reasons. First, documents pertaining to the investigation—which presumably include much of the documentation pertaining to the underlying incident—may be protected from discovery by the law enforcement and deliberative process privileges while the internal investigation continues. Second, the continued prosecution of this action could implicate the CO defendants' Fifth Amendment privilege against self-incrimination should the DOC investigation result in criminal

---

[1] This request took the form of a series of letters to the court rather than a properly-noticed motion, so the court does not refer to it as a motion.

proceedings. Third, the results of the DOC investigation may dictate whether corporation counsel can represent the CO defendants. Pursuant to N.Y. Gen. Mun. L. § 50-k, corporation counsel may only represent the CO defendants if it determines that they were acting within the scope of their public employment, in the discharge of their duties, and in accordance with the rules and regulations of their employing agency.

Only the third point is persuasive. As for the first, the mere existence of an investigation is insufficient to trigger the application of the cited privileges, and defendants have made no threshold showing of their applicability to any particular disputed documents. See Kitevski v. City of New York, No. 04 Civ. 7402, 2006 U.S. Dist. LEXIS 11017, at *7-8 (S.D.N.Y. Mar. 16, 2006) (stating the preconditions for the application of the law enforcement privilege); Nat'l Council of La Raza v. DOJ, 411 F.3d 350, 356 (2d Cir. 2005) (stating the preconditions for the application of the deliberate process privilege). Thus, while these privileges likely bear on the present action, their significance is purely speculative at the moment.

Similarly, there is no indication that a criminal investigation will result from the DOC investigation, and in any event, "district courts generally grant the extraordinary remedy of a stay only after the defendant seeking a stay has been indicted." Citibank, N.A. v. Hakim, No. 92 Civ. 6233, 1993 U.S. Dist. LEXIS 16299, at *1 (S.D.N.Y.1993).

But it is obvious that the resolution of the DOC investigation would greatly assist corporation counsel in determining whether to represent the CO defendants. What's more, to protect against possible conflicts of interest, corporation counsel has limited contact with these defendants before deciding whether to represent them. The CO defendants cannot be assured of a diligent defense in these circumstances.

Nevertheless, the court cannot perceive why this circumstance would warrant a complete stay of the present action. The incident underlying this action occurred on December 2, 2010, and plaintiff has an obvious and compelling interest in litigating this matter in a timely fashion. Plaintiff has outlined several categories of documents related to their <u>Monell</u> claims that may be appropriate for discovery even during the pendency of the DOC investigation. Plaintiff's proposed discovery should proceed to ensure that this action is not unduly delayed during the pendency of the DOC investigation.

Thus, the court, after balancing the factors noted above, holds that the action should be stayed as to the CO defendants only. By tailoring the stay in this fashion, the court accommodates the CO defendants' interest in having the issue of their representation clarified when the action goes forward against them. This resolution also takes into account plaintiff's interest in a prompt prosecution of this action. Moreover, the court believes that the action against the CO defendants will proceed

- 5 -

more expeditiously with the benefit of stable representation and whatever record the DOC investigation ultimately produces.

On that note, it is hoped that the existence of active litigation will encourage DOC to wrap up its long-running inquiry. To that end, defendants are ordered to update the court as to the status of the DOC investigation every sixty days and to notify the court within ten days of its resolution.

For the foregoing reasons, defendants' request is approved insofar as the action against the CO defendants—including defendants Hanson and Mignott—is stayed pending the conclusion of the DOC investigation.

SO ORDERED.

Dated: New York, New York
       July 17, 2012

                                              Thomas P. Griesa
                                              U.S.D.J.